WELCH, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 13—January 31, 1911.*

*Criminal law: Food: "Furnishing" oleomargarine for butter: Intent: Ignorance of fact.*

1. One who, for the purpose of delivering or selling to others, selects and collects together articles of food, with opportunity for examination, and thereafter delivers them to guests and patrons, "furnishes" an article so delivered, within the meaning of sec. 4607*d*, Stats. (1898), although throughout the transaction he acts only as the agent of the owner of the food.

2. So *held* as to a waiter in charge of a railway lunch counter, who delivered to a patron oleomargarine which had been supplied

by the railway company for such counter upon the waiter's requisition for butter.

3. Where a statute prohibits wilful, intentional, or malicious doing of an act, or where a particular intent is a necessary constituent of a common-law offense, such intent is an essential of guilt; but where a statute commands that an act be done or omitted, which in the absence of the statute might be done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute will not excuse its violation.

[4. Whether, under such a statute, one could be convicted who had no opportunity to avoid the forbidden act, not determined.]

ERROR to review a judgment of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Affirmed*.

*W. A. Hayes,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, A. C. Titus,* assistant attorney general, and *Geo. B. Nelson,* district attorney, and oral argument by *Mr. Nelson.*

TIMLIN, J. The plaintiff in error, after waiving a jury trial, was found guilty and sentenced to pay a fine of $100 under sec. 4607*d*, Stats. (1898), for furnishing oleomargarine at a certain lunch counter in the city of Stevens Point to one R. B. Southard, a guest and patron at said lunch counter, without first notifying said Southard that the substance so furnished to him was not butter.

It is contended that the accused believed the substance to be butter, was without evil intent, and did not furnish the substance within the meaning of the word "furnish" in the statute. The facts shown are: The accused was a waiter in charge of a lunch counter owned and operated by the Wisconsin Central Railway Company. He made requisitions upon some officer or employee of this corporation higher up in the scale of authority for the supplies to be consumed at the lunch counter, received them pursuant to such requisition, and delivered them to the patrons and guests as ordered by

the latter. He appears to have had no assistants, no subordinates, and no superiors in making the requisitions, receiving the goods, or delivering them to the guests or patrons. He gave his immediate superior an order for butter, received a package containing a substance resembling butter and which he believed to be butter. He did not notice whether there was a United States internal revenue stamp on the package, but did notice that it was marked in small print, " 'U. S. Inspected,' or something like that."

Where for the purpose of delivering or selling to others one selects and collects together, with opportunity for examination, and thereafter delivers from such collection to guests or patrons, he may be said to furnish the substance so delivered within the meaning of this statute, although he acts only as the agent of the owner in the whole transaction. This rule is deduced from the statute in question and authorities collected in 4 Words & Phrases relating to the word "furnish" under various circumstances and applied to different legal relations. It is a legal commonplace that penal statutes prohibiting not merely the doing of a described act but the wilful, intentional, or malicious doing of such act, if they do not require the prosecution in the first instance to prove something more than the doing of the prohibited act, at least permit the accused to exculpate himself by showing that although he did the act he did not do it wilfully, intentionally, or maliciously. Where a particular intent is necessary to constitute the offense, as *animus furandi* in larceny or malice in murder, ignorance or mistake of fact without negligence on the part of the accused may be ground for acquittal. As one exercising due care who might hand to the thirsty wayfarer who called for water a liquid exactly resembling water, believed to be water but in fact a deadly poison, causing death, would not be guilty of murder. Or one taking and carrying away property belonging to another under the honest but mistaken claim that the taker had legal title thereto

would not be guilty of larceny.   On the other hand, it is also a legal commonplace that where a statute commands that an act be done or omitted which in the absence of such statute might be done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute will not excuse its violation.   As where one in the honest but mistaken belief that such person was adult sold intoxicating liquor to a minor who resembled an adult.   *State v. Hartfiel,* 24 Wis. 60.   Even a conscientious belief that an act is right, as labor on Sunday by a believer in the Jewish religion, will not exempt from liability where the statute makes no such exception.   *Comm. v. Has,* 122 Mass. 40.   Neither will a *bona fide* assertion of a political right pursuant to the advice of counsel learned in the law.   *U. S. v. Anthony,* 11 Blatchf. 200.   Or the fact that it was the custom of the country to do the prohibited act.   *Bankus v. State,* 4 Ind. 114.   The learned counsel for plaintiff in error raises a question which may be interpreted as lying somewhat deeper than these rules and we think not fully appreciated by the defendant in error.   He asks: "Can a person be convicted of crime without having an opportunity to avoid the act which is held to constitute the crime?"   The answer to this in the instant case is that the evidence does not present that question.   The statute imposes a duty upon persons furnishing eatables in hotels, boarding-houses, restaurants, or lunch counters.   When one enters upon the business of furnishing guests or patrons with eatables at any of the establishments mentioned he thereby undertakes to inform himself and to know the nature of the substance he is dispensing.   The law casts on him this duty. He cannot enter into or continue the occupation and omit the duty.   To furnish the substance without knowing what it is and without informing the guests is ordinarily to take the chances of violating the statute.

Defendant fails to show that there was no United States internal revenue stamp on this substance when he received it.

There ought to have been and presumably there was. He does show that he observed thereon the words "U. S. Inspected," or something of that kind. He had no reason to believe that butter is subject to United States inspection. He had opportunity for inquiry, examination, and rejection or acceptance and giving notice to guests. He seems to have resolved all doubts in favor of the substance being butter and to have forborne all inquiry or investigation and disregarded or misinterpreted all suggestions from the inspection stamp on the package. He is therefore not in a position to raise the question suggested by his counsel; but the case falls under the rule of *State v. Hartfiel,* 24 Wis. 60, and the conviction must be affirmed.

*By the Court.*—Judgment affirmed.