McKinnon, Appellant, vs. Department of Taxation, Respondent.

*April 10—May 6, 1952.*

566

*E. Harold Hallows* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General,* and *Harold H. Persons* and *E. Weston Wood,* assistant attorneys general, and oral argument by *Mr. Persons* and *Mr. Wood.*

FAIRCHILD, J. The question is: "Does substantial evidence exist to show an intent to defeat the tax assessment by the appellant?" The record shows, and the petitioner does not dispute it, that in each year from 1936 to 1945 petitioner applied for an extension of time to file the return of his income then currently due, and that when such extension was granted he paid no more attention to the return for that year. Not until February, 1947, were the belated returns for these years extracted from him, when the Department of Taxation itself threatened him with doomage assessments. Petitioner offers no substantial excuse for his negligence in reporting his income. He asserts that he was busy with other matters. However, it is clear that during that period he could have reasonably managed his affairs and controlled his labors so as to meet the responsibility placed upon him by law. In argument, his counsel stated that the petitioner's books of account were well kept, and petitioner's returns as finally filed show that he had substantial taxable income during the years in question. It was also argued that the petitioner was inexperienced in preparing tax returns and that the job of preparing his own overwhelmed him. His own statements make it evident that he could have employed expert help to prepare returns for his signature, and that such returns could have been prepared by a third party from petitioner's books of account—a course which he finally followed. The excuse that pressure of other work prevented his attention to the requirement by law of submitting tax returns wears thin over the years in view of

the fact that when once an extension of time for filing the return of a given year had been secured the petitioner paid no more attention to it until compelled to do so.

Petitioner's contention that he did not intend to defeat the assessment of income taxes rests on his statement that he had no such intent. But against this is a course of conduct which did result in no payment and no self-assessment of income taxes. We consider that the conclusion of the board of tax appeals respecting the years prior to 1944 was a legitimate, logical inference from undisputed facts, and, as such, lay within the jurisdiction of the board. The board's differentiation regarding the assessments for the years 1944 and 1945 has no other support than the fact that not so much time had elapsed since those dates. However, such shorter time alone will not serve to support a finding that the intent of petitioner was different in those years from his intent in the preceding years, since his course of conduct was exactly the same throughout the entire period, and it is from his conduct in his previous years that his intent has been deduced.

The word "defeat" is not so confined in its meaning as to apply only to a completed accomplishment on the part of the taxpayer to escape his lawful responsibility. Such interpretation would make useless important processes of the law in taxation matters. Under the circumstances present in this case, the attempt to prevent the successful operation of a lawful tax system by disregarding the responsibility placed upon the taxpayer brings his acts within the meaning ascribed to the word by the board of tax appeals and the circuit court.

In the memorandum opinion the learned trial judge said:

"There is no substantial evidence supporting different treatment for the delinquencies for the years 1944 and 1945 than for prior years. The board erred in concluding that the

department had not met the burden of proof as to those two years.

"Briefly stated, while the board was justified in finding that petitioner did not deceive the department in so far as attempting to conceal from it that he was the recipient of taxable income and that he did not practice fraud, it should have ultimately found and held that he defeated and intended to defeat the assessment for each of the years in question.

"It is my conclusion that the decision of the board should be reversed in so far as it granted abatement of the penalty for the years 1944 and 1945; otherwise it should be affirmed."

It is considered that the circuit court correctly ruled that the finding of the board of tax appeals as to the years 1936–1943 was proper, and that the appellant failed to file income-tax returns for the years 1936–1943 with intent to defeat the income-tax assessment. 1 Kent's Commentaries (14th ed.), 621 (*461); 2 Lewis' Sutherland, Statutory Construction (2d ed.), p. 686, sec. 360; *Welch v. State* (1911), 145 Wis. 86, 129 N. W. 656; *White v. United States* (D. C. 1937), 20 Fed. Supp. 623; *Ollie v. Kessler* (1939), 39 U. S. B. T. A. 646.

And it is also considered that the board of tax appeals erred in not holding that the same intent existed with relation to the filing of the income-tax reports for 1944 and 1945.

*By the Court.*—Judgment affirmed.

MARTIN and BROADFOOT, JJ., took no part.