# Urban P. VAN SUSTEREN, Petitioner-Appellant,

## v.

# Wisconsin DEPARTMENT OF REVENUE, Respondent.†

Court of Appeals

*No. 87–1981. Submitted on briefs October 10, 1988.—Decided November 17, 1988.*

(Also reported in 433 N.W.2d 248.)

† Petition to review granted. BABLITCH, J., took no part.

For the petitioner-appellant the cause was submitted on the brief of *Urban P. Van Susteren, pro se,* of Appleton.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Gerald S. Wilcox,* assistant attorney general.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J.   Urban Van Susteren appeals from an order affirming a decision and order of the Tax Appeals Commission upholding an income tax assessment against him for tax years 1979, 1980, 1981 and 1982, including a fifty percent penalty pursuant to sec. 71.11(6)(b), Stats.[1] The validity of the penalty is the only issue argued by the taxpayer. We conclude that the department did not establish by clear and convincing evidence that the taxpayer failed to make income tax reports with intent to defeat or evade the income tax assessment required by law. We therefore reverse the order and remand with directions to the trial court to reverse the decision and order of the commission.

I.

In early 1981 the department assigned a special agent to conduct a non-filer investigation of the taxpayer. The taxpayer agreed to file his delinquent 1979 return by May 15, 1981 but did not file until mid-

---

[1]Section 71.11(6)(b), Stats. (1983–84), provides:

> With respect to the calendar year 1969 or corresponding fiscal year and subsequent calendar or fiscal years, any person failing to make an income or franchise tax report or making an incorrect report with intent, in either case, to defeat or evade the income or franchise tax assessment required by law, shall have added to the tax an amount equal to 50% of the tax on the entire underpayment.

November 1981. Additional urging by the department resulted in the taxpayer filing his 1980 return on October 1, 1982, his 1981 return on April 6, 1983 and his 1982 return in February 1984.

In July 1983 the taxpayer was convicted of willfully failing to file returns for 1979, 1980 and 1981, contrary to sec. 71.11(41), Stats. In December 1984 the department made an additional assessment against the taxpayer of $311.50, interest of $124.43 and, pursuant to sec. 71.11(6)(b), a penalty of $3,545.75. The penalty was assessed upon the recommendation of the department's special agent who had investigated the taxpayer's nonfiling. The commission sustained the penalty.

## II.

As the commission points out, the taxpayer's history of late filing of income tax returns is "horrendous." He filed timely returns in only one year since 1972. It is that record, however, which defeats the department's case. The taxpayer has never failed to file an income tax return and pay his taxes, with interest and penalties. The penalty under sec. 71.11(6)(b), Stats., may be imposed only if the taxpayer fails to make an income tax report "with intent ... to defeat or evade the income ... tax assessment required by law ...." The department's proof does not clearly and convincingly[2] establish that the taxpayer did not intend to file his 1979, 1980, 1981 and 1982 returns or

[2]The department concedes that it had the burden before the commission to establish by clear and convincing evidence that the taxpayer failed to file Wisconsin income tax reports with intent to defeat or evade the income tax assessments. *Platon v. Department of Taxation,* 264 Wis. 254, 257, 58 N.W.2d 712, 714 (1953).

that he had any intent to defeat or evade his responsibility to pay income taxes. He was just doing his thing—flouting the timely filing requirements, which he had been doing since 1972.[3] He was called to account, correctly, when he was convicted of willfully failing to timely file returns, under sec. 71.11(41). That statute does not, however, require that the taxpayer fail to file with intent to defeat or evade income tax liability.

## III.

The department claims that the commission properly sustained the penalty against the taxpayer because of the following evidence: (a) His consistent pattern over a span of many years of filing very late returns. (b) The substantial amount of additional tax due after withholding. (c) The knowledge and experience of the taxpayer in tax matters acquired as an attorney and circuit court judge. (d) The continuing failure of the taxpayer to file his returns, when he knew he was under criminal investigation and after being advised of the penalties he could incur.

(a) *Consistent Late Filing.* The taxpayer's pattern for 1979, 1980, 1981 and 1982 was the same as for previous years. The pattern establishes only that he was a habitual late filer. It strongly suggests, however, that he did not intend to defeat or escape his income tax liability for 1979, 1980, 1981 or 1982.

The department relies on *McKinnon v. Department of Taxation,* 261 Wis. 564, 53 N.W.2d 169 (1952). *McKinnon* is inapposite because there the taxpayer-lawyer did not file a state income tax return for ten

---

[3]The taxpayer testified that he had filed late almost every year for the past thirty to forty years.

years and then only when threatened by the department with a doomage assessment. The supreme court held that an intent to defeat and evade income taxes could be inferred from the taxpayer's failure to file over such an extended period of time. No such inference was available to the commission here because the taxpayer, eventually, filed for every year. There is no evidence to support the inference that the taxpayer filed for the years 1979–1982 only because the special agent came on the scene.

(b) *Additional Tax Due.* The department's special agent testified that the taxpayer's 1979 return showed a balance due of $715, the 1980 return $2,567, the 1981 return $1,453, and the 1982 return $2,119. Thus, the taxpayer's tax liability, exclusive of interest and penalties, for the four years was $6,854. While such a tax liability over a four-year period would be "substantial" for many taxpayers, and could induce them to attempt to defeat or evade the tax, we do not consider the liability to be a substantial one for this taxpayer. Over the four-year period, his taxable income was $285,993.

Any inference the commission may have legitimately drawn from the amount of taxes which were not timely paid is dispelled by the taxpayer's experience over the years immediately prior to 1979. His 1978, 1977 and 1976 returns showed income taxes due the state, which were subject to interest and penalties. He ultimately paid these amounts without state action. For 1978 he paid $1,151 in taxes, interest and penalty. This is more than he paid for 1979 and not substantially less than he paid for 1981.

We therefore reject the department's argument that the commission could infer an intent to defeat or

evade the income tax due in 1979, 1980, 1981 and 1982 from the amount of tax due in those years.

(c) *Taxpayer's Knowledge and Experience.* At the time of the hearing the taxpayer was seventy-one, a resident of the state since birth, an attorney for almost fifty years, and a longtime circuit judge. He acknowledged a pride in his knowledge of income tax law.

The department argues: "He of all people should have been aware of the statutory filing requirements and the importance of complying with those requirements. If a judge who must interpret our laws and see that they are properly applied ignores statutory filing requirements because he is too busy, one can hardly expect other taxpayers, some over whom he may sit in judgment, to be diligent."

The department's argument is not relevant to the question of whether the taxpayer failed to file returns with the intent to defeat or evade the income tax. The taxpayer is undoubtedly guilty of willful late filings and he has been convicted of those offenses. It does not, however, follow *"a fortiori,"* as the department contends, that the taxpayer intended to evade his responsibility to pay his income taxes. His conduct in flouting the state law which requires that taxpayers timely file their income tax reports may not measure up to the ethical standards required or expected of public servants but such conduct does not demonstrate an intent to evade income taxes. The intent element of the crime of willful failure to timely file an income tax report is different from the intent element of tax evasion.

The taxpayer claims that his knowledge of the income tax laws and his experience with the filing of income tax returns negates an intent to evade his

income tax liability. He asserts that his experience led him to believe that the filing deadline was not "crucial to anybody or for anything." Further, that in filing late and paying interest and penalties he acknowledged his violation and showed that he had no intent to evade his income tax responsibility.

We accept the taxpayer's argument to a limited extent. We do not accept his assertion that there is something mysterious about the department's now-vigorous pursuit of him after tolerating his dilatoriousness for twenty years. Undoubtedly, there are many income taxpayers who are equally dilatory. There is no evidence, however, to support the taxpayer's implication that the department has singled him out for special, and unfair, treatment.

We do accept, however, that the taxpayer's history of late filing negates an intent to evade income taxes. We so conclude because the taxpayer's late filing was always followed by payment of his taxes due, with interest and penalties. Perhaps his payment of interest and penalties was not done cheerfully but it was with acceptance that it was the price he was required to pay under the law for his procrastination.

(d) *Failure to File While Under Investigation.* It would be natural if the department and the commission took umbrage at the taxpayer's cavalier disregard of the department's efforts to require him to get his tax house in order. His failure to file his 1979, 1980, 1981 and 1982 returns at the times promised does not, however, demonstrate an intent not to file but is completely consistent with how he filed his returns and paid his taxes from at least 1972. We therefore reject the proposition that an inference could be drawn from the taxpayer's conduct while under investigation that he did not intend to file his income tax

returns as required. We conclude that the department did not establish by clear and convincing evidence that the taxpayer failed to make income tax reports in 1979, 1980, 1981 and 1982 with intent to defeat or evade the income tax assessment required by law for any of those years.

*By the Court.*—Order reversed and cause remanded with directions.