State ex rel. Ohlenforst v. Beck, 139 Wis. 37.

STATE EX REL. OHLENFORST, Respondent, vs. BECK, Com-
. missioner, etc., and another, Appellants.

*January 9—April 20, 1909.*

*Statutes: Amendment: Retained provisions: Bakeries: Right to license.*

1. Provisions of a prior law retained in an amendatory act are not
   deemed to have been repealed and again enacted, but as having
   existed and continued from the time of their original enact-
   ment.
2. Sec. 3, ch. 230, Laws of 1903, provided "After the passage of
   this act no new bakery shall be established in a room the floor
   of which is more than five feet below the level of the street,
   sidewalk or adjacent ground." Ch. 486, Laws of 1907 (amend-
   ing said section and making it sec. 1636—63, Stats.), provided:
   "After the passage of this act no new bakery . . . shall be es-
   tablished or operated in a room [described as before], nor in
   any room the ceiling of which is less than eight feet high from
   the floor." The act of 1907 also provided for the licensing of
   bakeries. *Held*, that the prohibition in the act of 1903 was con-
   tinued, not repealed and re-enacted, and that one who in 1906
   had established a bakery in violation of the act of 1903 was
   not entitled to a license to operate it under the act of 1907.

APPEAL from an order of the circuit court for Milwaukee
county: J. C. LUDWIG, Circuit Judge. *Reversed.*

Petitioner seeks *mandamus* to compel the issuance by the
commissioner of the bureau of labor and industrial statistics
and the state bakery inspector of a license to conduct a bak-
ery at 529 First avenue in the city of Milwaukee. Peti-
tioner duly applied for a license under and pursuant to ch.
486, Laws of 1907. Petitioner alleges that on October 19,
1906, he established a bakery and confectionery at 529 First
avenue, city of Milwaukee. He alleges that his bakery is
in a clean and sanitary condition and that it conforms to all
the provisions of the act providing for the issuance of that li-
cense. The license has been refused. It appears that the
bakeshop is located in a room in the basement of the building.
This basement is divided into three rooms by partitions which

run the entire width of the building. The room in the center is used for the bakeshop. The floor of the basement is five feet ten inches below the level of the street or sidewalk and its ceiling is seven feet from the floor. Along both sides of the building, with a width of from eighteen inches to two feet and extending along that part of the building occupied by the bakeshop, the petitioner has excavated the earth to such an extent that the floor of the bakeshop is four feet nine inches below the level of the bottoms of these trenches. In a prosecution based on an information sworn to by the state bakery inspector for operating a bakery in a room the floor of which was more than five feet below the level of the street, sidewalk, or adjacent ground, the petitioner was found not guilty by the jury. Upon the filing of the petition setting forth the above facts the court issued an order commanding the issuance of the license or that the commissioner and the inspector show cause why they had not done so. The commissioner and the inspector demurred to the petition and moved to quash the alternative writ. The court overruled the demurrer and denied the motion. This is an appeal from the order.

For the appellants there were briefs by the *Attorney General* and *A. C. Titus,* first assistant attorney general, and oral argument by *Mr. Titus.*

For the respondent there was a brief by *Adolph H. Roethke,* attorney, and *Christian Doerfler,* of counsel, and oral argument by *Mr. Roethke.* •

The following opinion was filed January 26, 1909:

SIEBECKER, J. Ch. 230, Laws of 1903, provided:

"After the passage of this act no new bakery shall be established in a room the floor of which is more than five feet below the level of the street, sidewalk or adjacent ground."

Any violation of the act was made a misdemeanor and punishable by fine or imprisonment. This provision was

amended by ch. 486, Laws of 1907, providing that there-
after "no new bakery or confectionery establishment shall be
established or operated in a room the floor of which is more
than five feet below the level of the street, sidewalk or adja-
cent ground, nor in any room the ceiling of which is less than
eight feet high from the floor." This act is entitled "An act
to amend secs. 1, 2, 3, 6 and 7, ch. 230, Laws of 1903," etc.
The context of the amendment affecting sec. 3 shows that
the former provision as to the establishment of new bakeries
is continued and a provision prohibiting the operation of
these bakeries is added. It also includes confectionery es-
tablishments. The petitioner avers that the effect of this
amendment was to repeal all of ch. 230, Laws of 1903, and
to enact a new law on the subject of the sanitary regulation
of bakeries, which is embraced in ch. 486, Laws of 1907.
To effect such a result the new legislation must show with
reasonable clearness that such was the legislative intent.
This we do not find from this chapter. The title declares
that it is an act to amend certain portions of the former law
and to create new sections. The amendatory act contains
many of the provisions of the old act, modifies others, and
incorporates new provisions. In dealing with sec. 3, above
quoted, the original provision prohibiting the establishment
of new bakeries in "rooms the floor of which is more than five
feet below the level of the street, sidewalk or adjacent
ground" is bodily continued. This presents an instance
where the amendment does not change the original provision,
but adds others. Under such circumstances the portion so
continued is not considered as repealed and again enacted,
but as having existed and continued from its original enact-
ment. It is manifest from a comparison of the two enact-
ments that only such parts of the original enactment are re-
pealed as are not embraced in the amendatory act, that the
portions retained continued in force from their first enact-
ment, and that the new and changed portions took effect from

the time of the amendatory act. The rule that a re-enactment of an existing statute in substantially the same words operates to continue it is well settled and has been frequently followed by this court. *Fullerton v. Spring,* 3 Wis. 667; *Glentz v. State,* 38 Wis. 549; *Laude v. C. & N. W. R. Co.* 33 Wis. 640; *Bentley v. Adams,* 92 Wis. 386, 391, 66 N. W. 505.

Applying the statute to petitioner's case, it results that he is within the regulations of the original act of 1903, forbidding the establishment of a new bakery unless it is in compliance with the regulations prescribed. Concededly petitioner established his bakery after the passage of this law, and it did not become a legally established bakery under the law so as to warrant petitioner in operating it. The record shows, and it was conceded in oral argument, that petitioner's bakery does not comply with the regulations of the original law, in that the floor is more than five feet below the level of the street, sidewalk, or adjacent ground. It also appears that the ceiling of the bakery is less than eight feet from the floor. Under the facts the defendants, as officers authorized to issue licenses for conducting a bakery, properly denied petitioner's application.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to grant appellants' motion to quash the alternative writ of *mandamus* and to dismiss the petition.

Upon motion for a rehearing there was a brief for the respondent signed by *Henry E. Foelske,* of counsel.

The motion was denied April 30, 1909.