GRIMES, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 13—October 8, 1940.*

*Abram J. Cohen* of Appleton, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

NELSON, J. The defendant contends that the court erred in sentencing him to the Wisconsin state prison. Sec. 343.401, Stats., provides that any person who violates that section "shall be guilty of a misdemeanor, and punishable by imprisonment for not more than one year, or by a fine of not more than one thousand dollars, or both fine and imprisonment." In *Veley v. State,* 194 Wis. 408, 410, 216 N. W. 522, it was held that the trial court erred in sentencing the defendant to the state prison for one year for violating sec. 343.401, because the place of punishment was not designated in the statute but was designated as a misdemeanor, and that therefore sec. 353.27 was applicable to fix the place of punishment.

Sec. 353.27, Stats., provides:

"Any person who shall be convicted of any offense the punishment of which is not prescribed by any statute of this state shall be punished only by imprisonment in the county jail not more than one year or by fine not exceeding two hundred and fifty dollars."

Upon the authority of *Veley v. State, supra,* which construed the penal part of sec. 343.401, Stats., the sentence of the defendant to the state prison was erroneous.

The state contends that the sentence should be upheld on the theory that the court sentenced the defendant to the state prison under sec. 359.14, Stats. 1939, one of the habitual-criminal or repeater statutes. That statute provides:

"When any person is convicted of any offense punishable only by imprisonment in the county jail or by fine, or both, and it is alleged in the indictment, information or complaint and proved or admitted on the trial or ascertained by the court after conviction that he had been before sentenced to imprisonment, either in any state prison, state reformatory, house of correction or county jail, by any court of this state or of any other state or of the United States, and that such sentence remains of record and unreversed, whether pardoned therefor or not, such person may be punished by imprisonment in the county jail not less than the shortest time fixed for such offense and not more than one year, or by imprisonment in the state prison not more than three years nor less than one year."—

There is nothing in the record to show that the court sentenced the defendant under sec. 359.14, Stats. 1939, unless it be assumed that the court was of the view that the answers of the defendant recited in the statement of facts were sufficient to prove beyond a reasonable doubt that the defendant had theretofore been "sentenced to imprisonment, either in any state prison, state reformatory, house of correction or county jail, by any court of this state . . . and that such sentence remains of record and unreversed." Sec. 359.14. When the defendant stated, in answer to the court's questions:

"Q. Been arrested for anything else besides this? A. I was arrested for not stopping at a stop sign.
"Q. Where was that? A. Outagamie county.
"Q. What happened to that? A. I paid a fine of $9.95."—

he certainly gave no information to the court that he had been sentenced to imprisonment in any state prison, state

reformatory, house of correction, or county jail by any court of this state, and the court could not have known whether the fine was paid in a criminal prosecution brought under sec. 85.69, Stats. 1939, or in a forfeiture action brought under a county, city, or village ordinance. In the absence of a showing that the defendant was criminally prosecuted under a state law rather than civilly prosecuted under a county or municipal ordinance, the trial court was not justified in sentencing the defendant under the repeater statute (*supra*).

It is contended by the state that under the provisions of sec. 353.25, Stats., which provides, in part, as follows:

"*Imprisonment for nonpayment of fine; costs, how paid.* When a fine is imposed as the whole or any part of the punishment for any offense by any law the court shall also sentence the defendant to pay the costs of the prosecution and the costs incurred by the county at the request of the defendant, and to be committed to the county jail until the fine and costs are paid or discharged,"—

it must be presumed that the court entered a proper judgment which provided that the fine and costs of prosecution should be paid and that the defendant should be committed to the county jail until the fine and costs were paid or discharged. But this contention is grounded upon the assumption that the defendant was criminally prosecuted under sec. 85.69.

We therefore conclude that the record is so lacking in certainty as to give rise to grave doubts as to the validity of the sentence under the repeater statute.

The defendant further contends that the court erred in receiving his plea of guilty and in sentencing him, because the court violated sec. 357.13 (1), Stats., which provides:

"If the court shall be informed, in any manner, that any person indicted or informed against for any offense probably is, at the time of his trial, or after his conviction and

before commitment, insane, or feeble-minded and thereby incapacitated to act for himself, the court shall, in a summary manner, make inquisition thereof by a jury or otherwise as it deems most proper."

While it now appears that the defendant, shortly after committing the offenses, was committed to the Winnebago State Hospital for the insane, it does not appear from the record that the trial court was in any manner informed that the defendant, at the time of his trial, or after his conviction and before commitment, was insane. No plea of "not guilty because insane" was entered and, during the colloquy between the court and the defendant's counsel just prior to sentence, the court was not informed that the defendant was insane at the time he entered pleas of guilty or before commitment. In the absence of a showing that the court was informed at the time of defendant's trial or after his conviction and before commitment, that he was insane, there can be no merit to the contention that the court erred in that respect.

*By the Court.*—Judgment reversed, and cause remanded with directions to ascertain whether the defendant, prior to his conviction in the action, had been sentenced to imprisonment in a criminal prosecution, and then to resentence the defendant in accordance with the fact and the law.