STATE, Plaintiff, vs. McKINNON, Defendant.

*February 6—March 3, 1953.*

For the plaintiff there was a brief and oral argument by *Harlan B. Rogers,* special counsel for the Board of State Bar Commissioners.

For the defendant there was a brief by *E. Harold Hallows* of Milwaukee, and oral argument by *Mr. Hallows* and by *Mr. Arlo McKinnon, in pro. per.*

PER CURIAM. Defendant was born in Antigo, Wisconsin, in 1904, was graduated from primary and secondary schools

there and went to Milwaukee for his prelegal work at Marquette University, from which he was graduated with the degree of bachelor of arts in 1926. He received his law degree at Harvard Law School in 1929, worked for a short time with a firm in Buffalo, New York, and later that year began his practice in Milwaukee at the invitation of Mr. O'Boyle, in which office he has continued to practice since that time.

At the present time he is married and has two children. He was single during the years mentioned in the complaint.

Count I of the complaint alleges that defendant violated his oath as attorney and committed a misdemeanor by failing to make income-tax returns between January 1, 1936, and January 1, 1946, and to pay the taxes due thereon to the state of Wisconsin.

As the result of his failure to file Wisconsin returns during those years, defendant was notified by the assessor of incomes on February 10, 1947, that doomage assessments would be entered against him, and shortly thereafter he filed the necessary returns. The assessment was levied at the double rate under sec. 71.11 (6), Stats., and defendant applied for abatement of the tax at that rate.

Review proceedings terminated in *McKinnon v. Department of Taxation* (1952), 261 Wis. 564, 53 N. W. (2d) 169, in which this court expressed its opinion that the defendant here failed to file income-tax returns with intent to defeat the income-tax assessment, and affirmed the judgment of the circuit court holding that he was subject to the double rate for the years 1936 to 1945, inclusive. At the present time all of his taxes to the state are paid.

Count II of the complaint alleges that defendant violated his oath and the laws of the United States in failing to make timely returns to the federal government of income received between 1936 and 1946 and pay the taxes due thereon. The facts regarding failure to file federal returns are the same as those regarding state returns and involve the same years.

Returns were filed late in February, 1947, for the entire ten years; such returns were audited by the federal authorities and a 25-per cent penalty was imposed for failure to file on time.

Counsel for the state contends that the finding by this court of intent to defeat the assessment and collection of taxes establishes a *prima facie* case against the defendant in this proceeding that he violated his oath of office as an attorney. The question before us in the *McKinnon Case, supra,* was whether the record contained substantial evidence to show an intent to defeat the assessment. Defendant's excuses for failure to file were thoroughly examined, and it was said (p. 568):

"Petitioner's contention that he did not intend to defeat the assessment of income taxes rests on his statement that he had no such intent. But against this is a course of conduct which did result in no payment and no self-assessment of income taxes. . . .

"The word 'defeat' is not so confined in its meaning as to apply only to a completed accomplishment on the part of the taxpayer to escape his lawful responsibility. Such interpretation would make useless important processes of the law in taxation matters. . . ."

Defendant's long history of failure to file returns constitutes evidence implying an intent to defeat the assessments which is sufficient to invoke the provisions of sec. 71.11 (6), Stats., for application of the double rate. In that case his "reasons" for lack of attention to his tax responsibilities had not the weight of evidence sufficient to excuse him from application of the statute. The question before us now, however, is whether the facts surrounding his failure to file establish actual intent and moral turpitude.

During the entire ten-year period of defendant's delinquency he was frequently in communication with the tax

authorities, and he admitted to them that he knew he had taxable income in all those years. He did not destroy any of his records, checks, bills, receipts, books—all were available to himself and the tax authorities when he was finally compelled to file. These facts are not consonant with an actual intent to evade the payment of his taxes. There was no attempt to conceal the fact that he had taxable income, and he preserved all the records required to prepare his returns. In our opinion in the tax case we referred to the finding by the board of tax appeals and by the circuit court that no fraud or deception was involved in defendant's failure to file. This situation is not similar to that referred to in the state's oral argument where a taxpayer filed fraudulent returns.

These circumstances are not justification of defendant's course of conduct, as indeed none could be, but they do not support a contention that defendant was guilty of such a degree of moral turpitude as to make him an unsafe person to practice law.

While the acts of the defendant subject him to just censure, they are of a personal, not a professional, character. In a proceeding of this kind, the question to be decided is whether it is in the public interest to permit him to continue the practice of law. Defendant has practiced his profession for many years and, so far as the record shows, he has never been derelict in the discharge of his duties and obligations in his relation to his clients and the courts. The record contains numerous affidavits by attorneys and judicial officers attesting to his general reputation in the community for honesty, integrity, and devotion to the interests of his clients.

Defendant's conduct may show an inexcusable lack of moral sense regarding the discharge of his obligations as a private citizen to his government, but it is not within the scope of this court's authority to impose discipline for conduct which has no relation to his duties and obligations as a

lawyer, where the request for disciplinary action is based upon acts involving no moral turpitude.

Complaint dismissed.

FAIRCHILD, J., took no part.