STATE EX REL. GAYNON, Appellant, v. KRUEGER, County Judge, Respondent.*

*June 8—July 1, 1966.*

---

* Motion for rehearing denied, without costs, on September 12, 1966.

610

611

For the appellant there were briefs by *Paul P. Lipton* and *Aaron D. Levine,* attorneys, and *Ray T. McCann* of counsel, all of Milwaukee, and oral argument by *Mr. Lipton.*

For the respondent the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Hugh R. O'Connell,* district attorney.

HALLOWS, J. This appeal raises the question of whether the failure or refusal to make an income-tax

return or the making of a false or fraudulent return under sec. 71.11 (42), Stats., is a felony or a misdemeanor.

As a preliminary question, the respondent argues the appeal should be dismissed because a writ of prohibition is the wrong remedy. We think not. Traditionally, this writ was used to keep an inferior court from acting outside its jurisdiction when there was no adequate remedy by appeal or otherwise. *State ex rel. Mitchell v. Superior Court* (1961), 14 Wis. (2d) 77, 109 N. W. (2d) 522; *State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. (2d) 485, 90 N. W. (2d) 790; *State ex rel. Peterson v. County Court* (1961), 13 Wis. (2d) 37, 108 N. W. (2d) 146; *State ex rel. Fieldhack v. Gregorski* (1956), 272 Wis. 570, 76 N. W. (2d) 382. But, as pointed out in *Drugsvold v. Small Claims Court* (1961), 13 Wis. (2d) 228, 108 N. W. (2d) 648, the writ has been expanded to cover cases of "nonjurisdictional error when the appeal may come too late for effective redress, or be inadequate and there is need for such intervention to avoid grave hardship or a complete denial of the rights of a litigant." See also *State ex rel. Reynolds v. Circuit Court* (1961), 15 Wis. (2d) 311, 112 N. W. (2d) 686, 113 N. W. (2d) 537; *State ex rel. Kiekhaefer v. Anderson, supra.*

This is an unusual case. The appellant won a dismissal of the charges in the county court. Normally one would expect the state to take an appeal from such order as only a question of law was involved. However, the state secured a writ of mandamus which required the county court to hold a preliminary hearing to which the appellant was not a party and which as effectively destroyed his victory as a reversal would have done on appeal and probably much sooner. From the order granting the writ, the appellant could not appeal. The basic issue raised in this prohibition proceeding is the same, *i.e.,* the jurisdiction of the county court to hold a preliminary examination on the charge. Since a complete defense appears on the face of the complaint and the county court has no jurisdiction to hold a preliminary hearing

if the offense is a misdemeanor, we think the remedy "by appeal or otherwise" comes too late for effective redress and is wholly inadequate for the protection of the rights of the appellant. The compelling need for an early determination of this question of law is as obvious as it was for the determination of a similar jurisdictional question resolved by the original prohibition proceedings in this court in *State ex rel. Sucher v. County Court* (1962), 16 Wis. (2d) 565, 115 N. W. (2d) 611.

The question of whether a violation of sec. 71.11 (42), Stats.,[1] is a felony or a misdemeanor has never been decided by this court although the statute has existed for over fifty years. We hold the violation of this section constitutes a misdemeanor and not a felony.

When this section was created the legislature intended its violation to be a misdemeanor. The section has existed in substantially the same form as when it was first enacted as sec. 1087m–12 as a part of the income-tax law by ch. 658, Laws of 1911. Although a penalty is provided, the grade of the offense and the place of imprisonment is not designated. By contrast to this section sec. 1087m–24 of that Income Tax Act which punished the divulgence of information by state employees expressly provided the state prison as the place of imprisonment. At the time of the passage of the Income Tax Act a "felony" was defined as "an offense for which the offender, on conviction, shall be liable by law to be punished by imprisonment in a state prison." Sec. 4637, Stats. 1911. Obviously, if the legislature intended a violation of sec. 71.11 (42) to be a felony it would have made the place of imprisonment the state prison as it did in the companion section.

---

[1] "71.11 **Administrative provisions; penalties.** . . .

"(42) SAME; FAILURE TO FILE RETURN; FRAUD. Any person, other than a corporation, who fails or refuses to make a return at the time hereinbefore specified in each year or shall render a false or fraudulent return shall upon conviction be fined not to exceed $500, or be imprisoned not to exceed one year, or both, at the discretion of the court, together with the cost of prosecution."

In addition, at the time of the passage of the act it was a generally recognized rule of construction that statutes which created crimes but did not expressly designate its grade or the place of imprisonment created only misdemeanors and not felonies. 24B C. J. S., Criminal Law, p. 692, sec. 2000 (b). In *People v. Hightower* (1953), 414 Ill. 537, 112 N. E. (2d) 126, the court stated the failure to specify a place of confinement in a criminal statute raised a conclusive presumption that the confinement shall be in the county jail and the offense so punishable is a misdemeanor. In *State v. Di Paglia* (1955), 247 Iowa 79, 71 N. W. (2d) 601, the court held an offense punishable by imprisonment not to exceed ten years was a misdemeanor because the statute neither specified the grade of the offense nor the place of imprisonment.

Likewise, the maximum length of the imprisonment of "not exceeding one year" was normally a punishment associated with a misdemeanor. As early as 1935 the attorney general was of the opinion the identical penalty provision applied to the practice of medicine without license created a misdemeanor rather than a felony. 24 Op. Atty. Gen. (1935), 451. Likewise, the attorney general in the past has applied the misdemeanor statute of limitations in construing income-tax offenses. 25 Op. Atty. Gen. (1936), 237. Besides these attorney general's opinions, this court called a violation of sec. 71.11 (42), Stats., a misdemeanor in *State v. McKinnon* (1953), 263 Wis. 413, 57 N. W. (2d) 404. On the other hand it must be noted that in *State ex rel. Marachowsky v. Kerl* (1951), 258 Wis. 309, 45 N. W. (2d) 668, a preliminary examination was held for a violation of a companion income-tax section containing the identical penalty. In neither of these cases was the question of whether the violation was a felony or misdemeanor raised or decided. Ironically, the attorney for the appellant in his article entitled "Wisconsin Criminal Tax Fraud Problems," 48

Marquette Law Review (1964), 1, characterizes the offense as a felony.

A comparison with other sanctions in tax laws while not conclusive is indicative of the legislature's intent not to create a felony for the failure to file or the filing of false income-tax returns, because it shows a pattern of misdemeanors for violations of such laws. When the sales tax was adopted in 1961 the failure to file a return and the filing of a false return for such tax was expressly provided to constitute a misdemeanor but no penalty or place of punishment was stated. Sec. 77.60 (6), Stats. In such cases, sec. 939.61 [2] is applicable by necessary reference. Filing of a fraudulent gift-tax return is expressly designated a misdemeanor by sec. 72.81 (8), which was enacted in 1937 and provides for a fine of not less than $100 nor more than $5,000 or by imprisonment not to exceed one year, or both. Although designating the grade and the penalty of the offense, this section does not state the place of imprisonment. In 1965, sec. 78.73 (4), which provided when enacted for a penalty for the failure to report or pay fuel tax of a fine not exceeding $5,000 or by imprisonment in the county jail for not less than one year nor more than ten years, or both, was amended by ch. 7, Laws of 1965, to reduce the imprisonment to a period not exceeding one year. These three tax-law violations are misdemeanors either because they are expressly so designated or because the place of imprisonment is specified to be the county jail. However, sec. 71.11 (42) was as much a misdemeanor by the intention of the legislature and by the rules of construction of the statutes in existence when it was created as the other tax violations created later and expressly designated misdemeanors.

---

[2] "939.61 **Penalty when none expressed.** Common-law penalties are abolished. Whenever a person is convicted of a crime for which no penalty is expressed, he may be fined not more than $250 or imprisoned not more than one year in county jail."

However, it is argued by the state (respondent) that a violation of sec. 71.11 (42), Stats., constitutes a felony because it fixes a maximum imprisonment of not more than one year without stating the place of confinement. Because sec. 959.044 [3] authorizes imprisonment either in the state prison or the county jail in such cases, it is argued sec. 939.60,[4] which defines a felony as a crime punishable by confinement in a state prison is applicable and the offense must now be considered a felony.

We reject the state's contention that the enactment of sec. 353.27 (2), Stats. (now sec. 959.044), by ch. 154, Laws of 1945, changed the grade of the offense for violating sec. 71.11 (42) from a misdemeanor to a felony. This section was not legislation for the purpose of changing grades of crimes but was as its caption indicates to designate the "Place of imprisonment when none expressed" in the section creating the crime. It deals solely with the place of imprisonment of felonies and misdemeanors and should not be used retroactively as a whiplash to change the grade of an offense by reference to sec. 939.60. Not all crimes punishable in prison are felonies.

The passage of sec. 959.044, Stats., overruled the holdings in *Veley v. State* (1927), 194 Wis. 408, 216 N. W. 522, and *Grimes v. State* (1940), 236 Wis. 31, 293 N. W.

[3] "959.044 **Place of imprisonment when none expressed.** When a statute authorizes imprisonment for its violation but does not prescribe the place of imprisonment, (a) a sentence of less than one year shall be to the county jail, (b) a sentence of more than one year shall be to the state prison and the minimum under the indeterminate sentence law shall be one year, and (c) a sentence of one year may be to either the state prison or the county jail. But in any proper case sentence and commitment may nevertheless be to the state reformatory, the Wisconsin home for women, the state department of public welfare or any house of correction or other institution, as provided by law."

[4] "939.60 **Felony and misdemeanor defined.** A crime punishable by imprisonment in the state prison is a felony. Every other crime is a misdemeanor."

925, and solved administratively the problems therein presented. In *Veley* the court held a conviction for issuing a worthless check which was a misdemeanor under sec. 943.24 (then sec. 343.401), could only be served in a county jail. *Grimes,* also a worthless-check case, likewise held that one convicted of a misdemeanor could not be sentenced to the state prison. Conversely, in *Boehm v. State* (1926), 190 Wis. 609, 209 N. W. 730, it was held that the only place a felony could be served was in a prison. In view of these cases, sec. 959.044 made the length of the sentence not the grade of the offense the controlling factor in determining the place of imprisonment for felonies and misdemeanors. As a result, a sentence of more than one year for a felony must be served in a prison but a sentence of less than one year for the same offense must be served in the county jail. Where the length of sentence is in the twilight zone of "not more than one year," it may be served either in the county jail or in prison. Likewise, a sentence for a misdemeanor may be served in prison where it is "not more than one year." *Pruitt v. State* (1962), 16 Wis. (2d) 169, 114 N. W. (2d) 148.

We do not consider sec. 959.044, Stats., was intended by the legislature to change the grade of crimes or that this court is required to give it such an effect by indirection because of a reading of the literal language of that section with the definition of a felony and of a misdemeanor in sec. 939.60. Two controlling rules of statutory construction compel this view: (1) Penal statutes must be construed strictly in favor of the accused, *State v. Wrobel* (1964), 24 Wis. (2d) 270, 275, 128 N. W. (2d) 629, 14 Am. Jur., Criminal Law, p. 763, sec. 13, and (2) a construction which would create a new felony when the language is susceptible of another meaning should be avoided. In the first year of the existence of this court, we said in *Wilson v. State* (1853), 1 Wis. 163, 168 (\*184, \*189), "[w]here a statute, by express words, or by neces-

sary implication, declares that an offense shall be a felony, which before had been a misdemeanor, there is no question; the will of the legislature must be carried out; but it is against the policy and rule of the law to *multiply* or increase felonies, so that, whenever the statute can have force and effect without receiving a construction which would create a new felony, such construction will be avoided." See *Nichols v. State* (1874), 35 Wis. 308, 310; *State ex rel. Isenring v. Polacheck* (1898), 101 Wis. 427, 77 N. W. 708.

To upgrade a misdemeanor to a felony requires a clear expression of intent of the legislature; it should not be left to indirection and circuity. As the scope and nature of an offense must meet the standards of reasonable clarity and avoid vagueness, so too its grade must be clearly defined. The importance of the distinction between a felony and a misdemeanor demands no less. In most cases the place of imprisonment is different; the statute of limitations is twice as long for a felony as a misdemeanor; one charged with a felony is entitled to a preliminary hearing; the stigma of a felony is greater; and under the repeater statute, more severe penalties are authorized for felonies than for misdemeanors. Under sec. 939.62 (2), Stats., the recidivist statute, a person is a repeater if he is convicted of a felony during the five-year period immediately preceding the commission of the crime, but to be so classified he must be convicted of three misdemeanors during the same period. Likewise, if the prior convictions are misdemeanors the additional penalty cannot exceed two years unless the sentence is less than one year, while the additional penalty if the prior conviction is a felony, may be six to ten years.

Our view does not affect felonies created by the Criminal Code without designating the grade or place of imprisonment because those crimes were created in the light of and in reference to secs. 959.044 and 939.60, Stats. The offense in question is not a part of the Criminal Code and was not under consideration when that

code was drafted but was created prior thereto under different rules of draftsmanship. The theory of drafting the Criminal Code was not to designate the grade of offense as felonies but to determine that by reference to sec. 959.044, the place statute. See secs. 942.01 (1), 943.21, 943.31, and 944.30. As a result, no felonies are designated as such in the Criminal Code. Misdemeanors were created by the device of stating the place of imprisonment as the county jail. See secs. 940.08, 940.29, 941.13, 941.22 (1), 941.23, 941.24 (1), 942.02 (1), and 943.11. But in the one case of worthless checks, sec. 943.24, the offense is designated as misdemeanor with the penalty specified but not the place of imprisonment, thus allowing the sentence to be served in prison or the county jail. This theory or technique of drafting cannot apply retroactively to sec. 71.11 (42).

It is argued, however, that sec. 71.11 (42), Stats., was reenacted by ch. 318, Laws of 1947, in light of sec. 959.044 and therefore the misdemeanor offense was changed to a felony by the same theory of reference used in drafting the Criminal Code. The legal presumption that all statutes are enacted by the legislature with full knowledge of and with reference to existing law is rebutted in this instance. Sec. 71.11 (42) was reenacted as part of a revision of the tax law but its wording was not changed and no indication was given of any intent to change by indirection the grade of the offense. The only effect on sec. 71.11 (42) of the reenactment was to renumber old sec. 71.09 (12). This is crystal clear from the express provision in sec. 2 of ch. 318 that the act "consists only of renumbering and rearranging the provisions of" ch. 71 and that "no substantive change is made in the law." But even without this statement, the repetition of language in a statute which provides "the original section shall be amended to read as follows" does not repeal and reenact the repeated language so as to make the rule of construction contended for by the state applicable. In such instances, the repeated part of the statute

remains in force as of the time of the original enactment. *Wisconsin Trust Co. v. Munday* (1918), 168 Wis. 31, 45, 168 N. W. 393, 169 N. W. 612. See also *State ex rel. Ohlenforst v. Beck* (1909), 139 Wis. 37, 39, 119 N. W. 300.

This argument of the state overlooks the revisor's theory of redrafting and revising old statutes. The purpose and reason of a revision is important. In the Criminal Code, which was drafted by a special committee of lawyers for the legislative council, the purpose was to redefine and change substantive law; in the reenactment of sec. 71.11 (42), Stats., and some other sections, it was not. This is plain from the rules for draftsmen of the legislative reference library which prepares and drafts all bills for the legislature. The Wisconsin reference library published a revised drafting manual in April, 1954. In ch. 27, which is entitled "Revisor's Corrections," examples are given from revisor's correction bills which amended sections in order to streamline the statutes and remove obsolete terminology. The rules suggest the use of the revised terminology in drafting new bills and amending existing statutes. Sub. 24, page 79, relates to striking out "county jail" as the place of imprisonment for a penalty of not more than eighteen months. Obviously, the revisor did not intend by this change to upgrade a misdemeanor to a felony because: (1) It is not his purpose to change substantive law, and (2) he considered the place of serving the sentence in county jail as being superfluous language in light of the existing sec. 959.044.

Ch. 7.04 of the Wisconsin Legislative Reference Library Research Bulletin No. 124 entitled "Legislative Drafting Manual," containing the 1958 revised rules for draftsmen, relates to the penalty clause. A short penalty form for use is set forth with the historical note that in the 1951 session the legislature began shortening penalty clauses with the approval of the revisor in a further attempt to streamline the statutes and strike

out redundant words and phrases. Typical examples of streamline statutes are given in this edition of the rules and in the latest edition of 1964. These do not substantiate the state's argument of interpretation. In ch. 27, sec. (2) (AC) of the 1958 legislative drafting manual an example of streamlining is given by striking out of a penalty clause, which provided in part for "imprisonment in the county jail for not more than 18 months," the words "in the county jail." Under the state's argument, this correction would change the offense from a misdemeanor to a felony by reference to sec. 959.044, Stats., the place of imprisonment statute. Likewise, in ch. 27, sec. (2) (w) of the Legislative Reference Bureau D–64–2 (February, 1964) "Drafting Manual" an example is given of striking out the place of imprisonment, "in the county jail," of a penalty clause providing for imprisonment of not more than one year in the county jail. Again, under the state's argument this offense by reference to sec. 959.044 would be a felony—obviously an incorrect result and not intended.

We think the state's argument that the violation of sec. 71.11 (42), Stats., which was created a misdemeanor prior to the place statute sec. 959.044, was changed to a felony because the maximum sentence could be served in a state prison rests on superfluous fallacious reasoning. The judging process requires more than a mechanical application of the statutes to facts. While sec. 959.044 made it possible to sentence misdemeanants to state prisons and felons to county jails, it did not make a felon out of a misdemeanant, nor a misdemeanant out of a felon.

Both parties cite *Pruitt v. State* (1962), 16 Wis. (2d) 169, 114 N. W. (2d) 148. *Pruitt* held the sentence of a misdemeanor, writing worthless checks, could be served in prison and its grade as a crime was not determined by sec. 939.60, Stats. The language in *Pruitt* relating to

reading secs. 959.044 and 939.60 with the section creating an offense referred only to offenses created by the Criminal Code. Since only such an offense was involved and only such offenses were referred to in the opinion, its language should not be read out of context.

*By the Court.*—The order quashing the alternative writ of prohibition is reversed, with directions to make the writ of prohibition absolute.

CURRIE, C. J. (*dissenting*). I respectfully dissent and would affirm on the ground that the circuit court rightly determined that the offenses with which relator Gaynon was charged, viz., filing false and fraudulent income-tax returns, constituted felonies.

Determination of the issue of whether these offenses constitute felonies or misdemeanors is dependent upon construction of these three statutes:

Sec. 71.11 (42). "Any person, other than a corporation, who . . . shall render a false or fraudulent return shall upon conviction be fined not to exceed $500, or be imprisoned not to exceed one year, or both, at the discretion of the court, together with the cost of prosecution."

Sec. 959.044. "When a statute authorizes imprisonment for its violation but does not prescribe the place of imprisonment, (a) a sentence of less than one year shall be to the county jail, (b) a sentence of more than one year shall be to the state prison and the minimum under the indeterminate sentence law shall be one year, and (c) a sentence of one year may be to either the state prison or the county jail. . . ."

Sec. 939.60. "A crime punishable by imprisonment in the state prison is a felony. Every other crime is a misdemeanor."

A plain reading of these three statutes requires that the offense of filing a false or fraudulent income-tax return be classified as a felony since the sentence for its violation may be a year in state prison. There is no

ambiguity present which will permit any other interpretation.

It is a cardinal canon of statutory construction that where there is no ambiguity in statutory language a court is not to resort to outside aids in interpreting the statute.[1] Particularly pertinent to the instant problem of construction is this statement made by Mr. Justice (later Chief Justice) BROWN in *State ex rel. Badtke v. School Board:*[2]

"Appellants have a good deal to say about the intention of the legislature. The statute is plain and unambiguous. Therefore, '. . . interpretation is unnecessary, and intentions cannot be imputed to the legislature except those to be gathered from the terms of the law.' *Estate of Ries* (1951), 259 Wis. 453, 459, 49 N. W. (2d) 483, 50 N. W. (2d) 397."

Also to the point is this extract from *Town of Madison v. City of Madison:*[3]

"The language of the statute is plain and unambiguous. The cardinal principle of statutory construction is to save and not to destroy. As said in 82 C. J. S., Statutes, p. 794, sec. 362, 'All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; . . . they are therefore to be construed in connection with and in harmony with the existing law, and as part of a general and uniform system of jurisprudence, that is, they are to be construed with reference to the whole system of law of which they form a part. So the meaning and effect of statutes are to be determined in connection, not only with the common law, . . . and the constitution, but also with reference to other statutes, . . .' "

---

[1] *Alexander v. Farmers Mut. Automobile Ins. Co.* (1964), 25 Wis. (2d) 623, 626, 131 N. W. (2d) 373; *State ex rel. Badtke v. School Board* (1957), 1 Wis. (2d) 208, 213, 83 N. W. (2d) 724; *Estate of Ries* (1951), 259 Wis. 453, 49 N. W. (2d) 483, 50 N. W. (2d) 397; *State ex rel. United States Fidelity & Guaranty Co. v. Smith* (1924), 184 Wis. 309, 316, 199 N. W. 954.

[2] *Supra,* footnote 1, at page 213.

[3] (1955), 269 Wis. 609, 614, 70 N. W. (2d) 249.

The majority opinion by seeking to find some legislative intent apart from the plain wording of these three statutes has repudiated these prior holdings of our court. The result is a construction which not only denies to statutory language its plain meaning but abrogates it.

I am authorized to state that Mr. Justice FAIRCHILD and Mr. Justice WILKIE join in this dissenting opinion.