NICHOLAS, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 99. Argued January 8, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 8.)

* Motion for rehearing denied, without costs, on March 30, 1971.

For the plaintiff in error there was a brief by *Boren, Schmidt & Fleming* and *Morton J. Schmidt,* all of Cudahy, and oral argument by *Morton J. Schmidt.*

For the defendant in error the cause was argued by *Victor Manian,* first assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HANLEY, J. Defendant seeks a new trial on the ground of alleged prejudicial errors committed by the trial court. These alleged errors consist of the following:

(1) The court committed prejudicial error in permitting the trial of the two codefendants, alleged to be conspirators, to remain consolidated where one defendant

changes a plea from not guilty to guilty and becomes a witness for the prosecution; and

(2) The defendant was deprived of a constitutional right when the trial court failed sua sponte to ask the defendant before imposing sentence whether he had anything to say why sentence should not be imposed.

### *Was consolidation unduly prejudicial?*

Originally both the defendant and Miss Anderson were charged and these charges were consolidated for trial. The defendant and Miss Anderson pleaded not guilty and waived a jury trial. Just before the trial began, however, Miss Anderson changed her plea from not guilty to guilty. She then testified to the facts described above.

The defendant argues that he should have had a separate trial because the testimony of his codefendant was so prejudicial. This argument is without merit, first, because the defendant made no motion for severance before or at any time during the trial. Secondly, there was no "other trial" from which the defendant's trial could be severed. Once Miss Anderson pleaded guilty, she was no longer "on trial," and the defendant was being tried alone. Thirdly, the general purpose of the rule allowing severance is to prevent the jury from becoming confused as to what evidence is applicable to which defendant. When the case is tried to the court alone, without a jury, the danger of undue confusion is not present.[1] There may be cases where severance is appropriate, even though the judge alone is the trier of fact, but this is certainly not one.

---

[1] In *State v. Cathey* (1966), 32 Wis. 2d 79, 90, 145 N. W. 2d 100, this court reaffirmed the well-established rule that:

". . . on trial to the court the judge is presumed to know what testimony is competent and will disregard extraneous matter." *Gauthier v. State* (1965), 28 Wis. 2d 412, 421, 137 N. W. 2d 101, and *Birmingham v. State* (1938), 228 Wis. 448, 453, 279 N. W. 15.

*Constitutional right to allocution prior to
imposition of sentence.*

Counsel for the defendant contends that defendant was deprived of a constitutional right when the trial court failed sua sponte to ask defendant before imposing sentence whether he had anything to say why sentence should not be imposed.

The right which counsel contends his client was deprived of was known at the common law as the right of allocution. At early English common law criminal defendants were generally not permitted to be represented by counsel, and such defendants were not competent witnesses. Consequently they were not allowed to give testimony. As a result, no one was allowed to speak in the defendant's behalf until the trial was over, at which time the judge would ask the defendant if he had any reason why sentence should not be imposed. This stage of the common-law trial was the only point at which the defendant had an opportunity to assert a defense or some kind of mitigating evidence. Therefore, the right of allocution was not a mere formality; it was thought to be a right, and its omission usually required reversal. This right was codified by sec. 972.14, Stats., which provides:

"Before pronouncing sentence, the court shall inquire of the defendant why sentence should not be pronounced upon him and accord the district attorney, defense counsel and defendant an opportunity to make a statement with respect to any matter relevant to sentence."

In *Boehm v. State* (1926), 190 Wis. 609, 209 N. W. 730, decided when the right of allocution was considered a common-law right, this court held that failure to propound the question to the defendant did not constitute prejudicial or reversible error.

In *Hill v. United States* (1962), 368 U. S. 424, 82 Sup. Ct. 468, 7 L. Ed. 2d 417, the court, in construing the

same requirement under Rule 32 (a) of the Federal Rules of Criminal Procedure, held that failure of a trial court to ask a defendant, represented by counsel, whether he has anything to say before sentence is imposed is an error which is neither jurisdictional nor constitutional.

We conclude that the failure to propound the question referred to does not constitute reversible error. However, we direct the trial courts to comply with the statutory direction contained in sec. 972.14, Stats., which became effective as of July 1, 1970.

*By the Court.*—Judgment and order affirmed.

* Motion for rehearing denied, without costs, on March 30, 1971.