STATE EX REL. David M. MCDONALD, Petitioner,†

v.

CIRCUIT COURT FOR DOUGLAS COUNTY, BRANCH II, The Honorable Douglas S. Moodie, presiding; Keith Peterson, Douglas County District Attorney; and the Wisconsin State Attorney General's Office, Respondents.

### Court of Appeals

*No. 79–1927–W. Submitted on petition for writ of prohibition December 14, 1979.—Decided February 19, 1980.*
(Also reported in 290 N.W.2d 559.)

† Petition to review granted.

424

For the petitioner the cause was submitted on the petition of *William E. Shevlin,* first assistant state public defender, of Superior.

For the respondents the cause was submitted on the response of *Michael R. Klos,* assistant attorney‑general.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J. David M. McDonald was charged with "feloniously" leaving the scene of an accident resulting in injury to a person and damage to an automobile, in violation of sec. 346.67(1), Stats.[1] McDonald objects

[1] Section 346.67, Stats., provides:

Duty upon striking person or attended or occupied vehicle. (1) The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the following requirements:

to the prosecution of the charge as a felony. He petitioned this court for a writ prohibiting a preliminary examination, contending that a violation of sec. 346.67 (1) is a misdemeanor.

The issue of whether a violation of sec. 346.67 is a felony or a misdemeanor is properly presented on a petition for a writ of prohibition.[2] If the offense is a misdemeanor, there is no entitlement to a preliminary examination, which is required only in felony matters.[3] This court has stayed proceedings in the trial court pending the outcome of the petition.

A crime punishable by imprisonment in a state prison is a felony. Any other crime is a misdemeanor.[4] The penalties for violations of sec. 346.67 are found in sec. 346.74(5), Stats. This section provides that if the accident involves death or injury to a person, the penalty is a fine of "not less than $5 nor more than $5,000," or imprisonment of "not less than 10 days nor more than one year . . . ."[5] When a statute authorizes imprison-

(a) He shall give his name, address and the registration number of the vehicle he is driving to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

(b) He shall upon request and if available, exhibit his operator's license to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

(c) He shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

[2] *State ex rel. Gaynon v. Krueger*, 31 Wis.2d 609, 143 N.W.2d 437 (1966).

[3] Section 970.02(1)(c), Stats.

[4] Section 939.60, Stats.

[5] Section 346.74(5), Stats.

ment but does not designate the place of imprisonment, a sentence of less than one year shall be to the county jail, while a sentence of more than one year shall be to the state prisons.[6] A sentence of one year may be to either the state prisons or the county jail.[7] As sec. 346.74(5) does not designate a place of imprisonment, the offense charged could be either a misdemeanor or a felony. No reported cases in Wisconsin resolve this issue.

Since the statute does not clearly define the grade of the offense; i.e., whether it is a misdemeanor or a felony, we must look to the rules of statutory construction. As the statute is penal in nature, it must be construed strictly in favor of an accused.[8] Further, a construction that would create a new felony when the language is susceptible of another meaning is to be avoided.[9]

As the scope and nature of an offense must meet the standards of reasonable clarity and avoid vagueness, so too its grade must be clearly defined. The importance of the distinction between a felony and a misdemeanor demands no less.[10]

The court in Gaynon, supra note 2, determined that sec. 71.11(42), Stats., which carries the same maximum incarceration penalty as here, was a misdemeanor. The provisions of the Criminal Code defining felonies and misdemeanors were substantially the same then as they are now. In reaching its conclusion, the court reviewed the statutory history of the section. The court also recognized that rules of statutory construction followed at the time the section in question was adopted, generally

---

[6] Section 973.02, Stats.

[7] Id.

[8] Gaynon, supra note 2.

[9] Gaynon, supra note 2.

[10] Gaynon, supra note 2, at 620, 143 N.W.2d at 442–43.

required statutes creating crimes but not designating a grade or place of imprisonment be construed as misdemeanors, not felonies.

Our supreme court was subsequently called upon to determine whether a violation of sec. 940.24(1), Stats. (1975), was a felony or a misdemeanor.[11] That section provides for a penalty of a fine of "not more than $1,000" or imprisonment of "not more than one year or both."[12] The court again looked to the legislative history of the particular offense. It found that the legislature had reenacted the statute on several occasions. Earlier enactments of the statute provided that a conviction would result in imprisonment in the county jail. The court there found that in the most recent reenactment of sec. 940.24(1), however, the legislature omitted the place of imprisonment.[13] The court held that this omission changed the violation from a misdemeanor to a felony.

When the statute here was originally enacted, it provided that violation was a misdemeanor.[14] By ch. 576, Laws of 1913, the statute was amended to expressly provide that violation was a felony. Violation then subjected a person to a penalty of a maximum fine of $1,000 and a maximum imprisonment of not more than two years. In 1935, the legislature removed the express characterization of a violation as a felony and reduced the maximum imprisonment from two years to one year.[15] The state concedes that this created ambiguity as to whether a violation constituted a felony or a misdemeanor. The attorney general opined that the violation was not a felony.[16]

---

[11] *State v. Asfoor*, 75 Wis.2d 411, 249 N.W.2d 529 (1977).

[12] Section 940.24(1), Stats. (1975).

[13] *Asfoor, supra* note 11.

[14] Chapter 600, Laws of 1911.

[15] Chapter 427, Laws of 1935.

[16] 25 Op. Att'y Gen. 456 (1936).

In 1945, the legislature adopted the predecessor to sec. 973.02, Stats. This enactment established that when a statute does not designate the place of imprisonment, a sentence of one year may be to either the state prisons or the county jail.[17] At that time, a crime punishable by imprisonment in the state prisons was a felony, and every other crime was a misdemeanor. The current designation of felony and misdemeanor is the same.[18]

The predecessor to sec. 346.67 was reenacted as part of the Motor Vehicle Code in 1957.[19] Therefore, the state contends that the legislature created a felony by this reenactment. This result is reached if one presumes the legislature was aware that if no place of imprisonment was expressed in the statute and the sentence was for one year, imprisonment could be either in the state prison or county jail and that a crime punishable by imprisonment in the state prison was a felony.[20] The state cites an opinion of the attorney general in support of this interpretation.[21]

We conclude that a violation of sec. 346.67 is a misdemeanor. In 1935 it was created as a misdemeanor, not a felony.[22] To upgrade a misdemeanor to a felony requires a clear expression of legislative intent; this is not to be left to indirection or circuity.[23] In enacting the Motor Vehicle Code in 1957, the legislature did not change the grade of the violation, nor were any changes made or intended in the penalty provisions.[24] Thus, the

---

[17] Chapter 154, Laws of 1945.

[18] Section 939.60, Stats.

[19] Chapter 260, Laws of 1957.

[20] *Asfoor, supra* note 11.

[21] 39 Op. Att'y Gen. 321 (1950).

[22] Chapter 427, Laws of 1935.

[23] *Gaynon, supra* note 2.

[24] Judicial Council Committee Notes [1957], *reprinted in* 40 WIS. STAT. ANN. 346.01, §346.74, at 406 (West 1971).

presumption relied upon by the state and the attorney general in his 1950 opinion[25] do not apply, as they lack foundation. The penalty for the offense has not been changed since 1935. Accordingly, the grade has not been changed since 1935. As no substantive changes have been made, a violation of sec. 346.67 remains a misdemeanor, as it was in 1935. The violation in this case being a misdemeanor, there is no jurisdiction in the court to hold a preliminary examination.

The writ of prohibition prohibiting the circuit court from conducting a preliminary examination is granted. We note that the State of Wisconsin, not the Douglas County district attorney and the attorney general, should have been named as respondents in this matter.[26] The error is harmless as the state responded to the petition.

*By the Court.*—Writ prohibiting the circuit court from prosecuting this case as a felony and proceeding with a preliminary hearing is granted.

---

[25] 39 Op. Att'y Gen. 321 (1950).
[26] Section 809.51, Stats.