RAYMOND L. PELRINE, District Attorney Eau Claire County
You have requested my opinion on two issues relating to the proper place of incarceration for a criminal defendant required to serve consecutive misdemeanor or felony sentences, each less than one year, but in the aggregate totalling more than one year. Paraphrasing your questions, you ask:
 (1) Where should a criminal defendant be incarcerated when he or she is sentenced on multiple misdemeanor counts and receives consecutive sentences that in the aggregate exceed one year, but individually each sentence is for less than one year?
 (2) Where should a criminal defendant be incarcerated when he or she is sentenced on multiple felony counts and receives consecutive sentences that in the aggregate exceed one year, but individually each sentence is for less than one year?
In my opinion, the proper location for incarceration in both of the above-described situations is a county jail, not the Wisconsin state prison system.
The Legislature has attempted to address the problem created when a criminal penalty statute authorizes imprisonment but does not prescribe the place of confinement. The present version of the relevant statute, section 973.02, Stats., provides as follows: "Place of imprisonment when none expressed. When a statute authorizes imprisonment for its violation but does not prescribe the place of imprisonment, 1) a sentence of less than one year shall be to the county jail . . . ." Unfortunately, section 973.02 does not *Page 45 
explicitly answer your inquiry. A review of the legislative history is also barren of explicit guidance. Therefore, I am compelled to turn to other sources.
An earlier version of this statute was discussed at length inState ex rel. Gaynon v. Krueger, 31 Wis.2d 609, 619-20,143 N.W.2d 437 (1966):
 In view of [previous] cases, sec. 959.044 made the length of the sentence not the grade of the offense the controlling factor in determining the place of imprisonment for felonies and misdemeanors. As a result, a sentence of more than one year for a felony must be served in a prison but a sentence of less than one year for that same offense must be served in the county jail.
(Emphasis added.) Although Krueger does not explicitly answer your inquiry involving an aggregate of sentences which individually involve less than one year, it does confirm that the length of the sentence, not the grade, classification or nature of the offense, is the controlling factor in determining the place of imprisonment for both misdemeanors and felonies. In my opinion, to be consistent with a literal interpretation of section 973.02 and Krueger, each sentence of less than one year must be served in a county jail.[1] It is important to recognize that the imposition of consecutive sentences for multiple misdemeanors or felonies that each require less than one year of incarceration, but in the aggregate exceed one year, does not transform those consecutive sentences into one long sentence. No matter what the total aggregate length is, consecutive sentences are merely what the specific term implies — consecutive. The second sentence is to follow the first sentence, *Page 46 
the third sentence is to follow the second sentence, and each successive sentence is to follow the one preceding it.
The general rule for construction of words and phrases is set construed according to the common and approved usage . . . ." The common and ordinary meaning of a word may be established from definitions given by a recognized dictionary. State v. Mauthe,123 Wis.2d 288, 298, 366 N.W.2d 871 (1985); State v. Wittrock,119 Wis.2d 664, 670, 350 N.W.2d 647 (1984); State v. Ehlenfeldt,94 Wis.2d 347, 356, 288 N.W.2d 786 (1980). "Consecutive" is defined as "[s]uccessive; succeeding one another in regular order; to follow in uninterrupted succession." Black's LawDictionary 276 (5th ed. 1979). "Consecutive sentences" is also defined in Black's Law Dictionary at 276 as "[w]hen one sentence of confinement is to follow another in point of time, the second sentence is deemed to be consecutive." Accord 24B C.J.S. CriminalLaw § 1996(1) (1962).[2]
Accordingly, the first of two consecutive sentences is served before the second one begins. Each sentence is separate and distinct. Each sentence must be viewed independently in order to determine the place at which the sentence must be served. In this manner, section 973.02 is easily applied.[3] *Page 47 
The treatment of consecutive sentences as separate and distinct sentences for determining a criminal defendant's proper place of imprisonment is further supported by a literal interpretation of section 973.02. The statute provides that: "1) a sentence of less than one year shall be to the county jail, 2) a sentence of more than one year shall be to the Wisconsin state prisons." The consistent use of the phrase "a sentence" implies that each individual sentence should be looked at separately for applying the statutory provision.
Finally, I have been advised that this treatment of the sentencing and incarceration provisions of the Wisconsin statutes is consistent with the long-standing interpretation and application of these provisions by the Department of Health and Social Services. Such long-standing interpretation and application of the statute by the agency charged with its administration must be given great weight when interpreting that statute. See 2A Singer, Sutherland Statutory Construction § 49.05 (Sands 4th ed. 1984); see also West Bend Education Ass'n v.WERC, 121 Wis.2d 1, 12, 357 N.W.2d 534 (1984), citing Nottelsonv. ILHR Department, 94 Wis.2d 106, 115-18, 287 N.W.2d 763
(1980). See also Chevrolet Division, G. M. C., v. IndustrialComm., 31 Wis.2d 481, 488, 143 N.W.2d 532 (1966).
As a result of the preceding authorities and considerations, it is my opinion that where a criminal defendant is sentenced on two either multiple misdemeanor or felony counts, or a combination thereof, and receives consecutive sentences that in the aggregate exceed one year, but individually are all less than *Page 48 
one year, the defendant should be incarcerated in a county jail. The length of each sentence is the determining factor, and each sentence must be viewed separately. Aggregated consecutive sentences, each less than one year, do not create one long sentence capable of service in the Wisconsin prison system.
DJH:JSS
[1] The conclusion must be distinguished from the situation where a defendant is sentenced to both the Wisconsin state prisons and to a county jail or house of correction for separate crimes. In the latter situation, the defendant must serve all sentences whether concurrent or consecutive in the state prisons.See sec. 973.03, Stats.
[2] Both the dictionary definitions and the treatise definition are supported by the rationale and holding of the Wisconsin Supreme Court in Grobarckik [Grobarchik] v. State, 102 Wis.2d 461, 467-69,307 N.W.2d 170 (1981). In Grobarchik, the court addressed the question of whether "consecutive" probation may be ordered to commence upon a defendant's release on a separate sentence. While construing the phrase "consecutive to a sentence of imprisonment," the court assumes, without expressly stating, that "consecutive" means that the probationary period must commence after the separate sentence is fully served, whether or not the defendant has acquired early release.
[3] There is only one statutory exception to the treatment of consecutive sentences as separate and distinct. Section 53.11 (3)(a) requires that for prison inmates, for computation of good time credit only, consecutive sentences shall be construed as one continuous sentence. The exception does not apply to the computation of good time credit for individuals incarcerated in a county jail. Sec. 53.43, Stats. Consequently, the argument that consecutive sentences in a county jail are separate and distinct is supported by the fact that not even the only statutory exception permitting the aggregating of sentences is applicable to individuals serving sentences in a county jail. *Page 49