STATE, Plaintiff, v. BUNGE, Defendant.

*June 7—June 28, 1963.*

494

For the plaintiff there was oral argument by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

For the defendant there was oral argument by *Ray A. Sundet* of La Crosse.

PER CURIAM. The defendant Jonathan C. Bunge is a lawyer, age fifty-six, married, and has two children. He is a graduate of the University of Chicago, and has been in practice since 1932. For more than twenty-seven years defendant practiced in La Crosse. Presently he is a resident of Chicago, where he devotes most of his time to representing various corporate clients.

Defendant has filed an affidavit asserting that he did not intend to evade income taxes nor the filing of returns. He states, in support, that he did file returns before being indicted, although several years late; that he requested extensions of time to file, and thus brought his failure to file to the attention of the Internal Revenue Service; that he filed a timely return for 1958, showing that his return for 1957 had not been filed; that he filed state returns for the same years; that on several occasions he wrote to the Internal Revenue Service promising filing; that returns for the years involved were filed by the partnership of which he was a member; that before being approached by agents of the Internal Revenue Service defendant had arranged to have an accounting firm prepare his returns. No specific facts are shown explaining why it was difficult for defendant to prepare and file returns on time except for the implication of a statement that when he did file he "did not

have the means or opportunity to determine the proper deductions to which [he] was entitled."

Presumably similar facts were presented to the United States district court. Defendant was, however, sentenced to sixty days' imprisonment on one count and fined $1,000 on each of three counts.

We are satisfied that defendant's failure to file returns for the years involved was an intentional violation of the Federal Income Tax Law, notwithstanding his indicated lack of intent permanently to evade payment and withhold filing of returns. Sec. 7203 of the Internal Revenue Code, 26 USCA, p. 202, provides for the punishment of one who wilfully fails to make his return at the time required by law. Wilfulness, under that section, need not involve a purpose permanently to conceal income or otherwise to cheat the government.

" 'The word "wilful" as used in [the misdemeanor] counts . . . , that is, failing to make a tax return, means with a bad purpose or without grounds for believing that one's act is lawful or without reasonable cause or capriciously or with a careless disregard whether one has the right to so act.' " [1]

We have recently decided that an attorney's intentional failure to file income-tax returns as required by law, even without intent to defraud the government, constitutes unprofessional conduct and subjects the attorney to discipline.[2]

[1] *Abdul v. United States* (9th Cir. 1958), 254 Fed. (2d) 292, 293. See *United States v. Murdock* (1933), 290 U. S. 389, 54 Sup. Ct. 223, 78 L. Ed. 381, and *United States v. Palermo* (3d Cir. 1958), 259 Fed. (2d) 872. See also *Spies v. United States* (1943), 317 U. S. 492, 63 Sup. Ct. 364, 87 L. Ed. 418.

[2] *State v. Roggensack* (1963), 19 Wis. (2d) 38, 46, 119 N. W. (2d) 412, 417.

In so doing we overruled language in a 1953 case [3] indicating that disciplinary action cannot be based on failure to file income-tax returns in the absence of an intent to defraud.

In determining the extent of discipline appropriate for each case, the following statements are significant:

"This question should be considered with the goal of protecting the public in mind. See *State v. Barto* (1930), 202 Wis. 329, 345, 232 N. W. 553. Punishment of an offending attorney is not the objective of disciplinary proceedings. *State v. Kern* (1930), 203 Wis. 178, 181, 233 N. W. 629. Primary consideration should be given to the question of whether there is a likelihood, if any discipline is imposed short of suspension or disbarment, of the attorney's engaging in unprofessional conduct in the future. *State v. Markey* (1951), 259 Wis. 527, 542, 49 N. W. (2d) 437; *State v. McCarthy, supra,* at page 250; and *State v. Kern, supra,* at page 183." [4]

"A judgment in a disciplinary proceeding must be just to the public and must be designed to correct any antisocial tendency on the part of the attorney, as well as to deter others who might tend to engage in like violations; it must be fair to the attorney, but the duty of the court to society is paramount." [5]

". . . disciplinary measures should be at least coextensive with an effective judicial disapproval of the confessed misconduct, so that they cannot be misunderstood or 'construed as an implied judicial indorsement of defendant's misconduct, even taking into consideration all of the mitigating circumstances urged in behalf of the defendant.' *State v. Kiefer,* 197 Wis. 524, 531, 222 N. W. 795." [6]

[3] *State v. McKinnon* (1953), 263 Wis. 413, 416, 57 N. W. (2d) 404.

[4] *State v. Roggensack, supra,* p. 46, footnote 2.

[5] 7 Am. Jur. (2d), Attorneys at Law, pp. 52, 53, sec. 18.

[6] Cited in *State v. Kern* (1930), 203 Wis. 178, 182, 233 N. W. 629.

We note that the courts of a number of other states have imposed periods of suspension, and even disbarment, upon attorneys convicted of violation of the same federal statute.[7]

In *Roggensack* we considered a reprimand, together with imposition of costs as appropriate under the circumstances, and we conclude that the same judgment is sufficient here. This is not to say that a reprimand will always be deemed sufficient for deliberate failure to file income-tax returns. We have considered all the circumstances disclosed, including the defendant's representations of facts in mitigation, and, in addition, the fact that the offenses in this case occurred during a period when a decision of this court indicated that such failures, without intent to defraud, would not jeopardize an attorney's license.

Therefore, it is ordered and adjudged, that the defendant be reprimanded for his conduct in failing to timely file his 1955, 1956, and 1957 federal income-tax returns, and that he pay the costs and expenses of these proceedings including fees and disbursements of the attorney for the plaintiff.

[7] *In re Burrus* (1953), 364 Mo. 22, 258 S. W. (2d) 625 (one-year suspension); *Rheb v. Bar Asso. of Baltimore* (1946), 186 Md. 200, 46 Atl. (2d) 289 (disbarment); *State ex rel. Nebraska State Bar Asso. v. Fitzgerald* (1957), 165 Neb. 212, 85 N. W. (2d) 323 (one-year suspension); *Ford's Case* (1959), 102 N. H. 24, 149 Atl. (2d) 863 (two months' suspension); *In re Kivlen* (1961), 215 N. Y. Supp. (2d) 21, 13 App. Div. (2d) 867 (four months' suspension); *In re McKechnie* (1958), 214 Or. 531, 330 Pac. (2d) 727 (six months' suspension); and *In re Wilson* (1957), 24 N. J. 277, 131 Atl. (2d) 750 (one-year suspension).