STATE, Plaintiff, v. HAYES, Defendant.

*June 7—June 28, 1963.*

For the plaintiff there was oral argument by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

For the defendant there was oral argument by *Ray T. McCann* of Milwaukee.

PER CURIAM. The defendant Gerald P. Hayes is an attorney, age sixty-eight. He is married and has a large family. After graduation from Marquette University he was admitted to the bar in 1917. Since such time he has practiced some forty-six years in Milwaukee, during which time he has gained a reputation as being one of Wisconsin's finest lawyers. He is a former president of the Wisconsin Bar Association. His counsel presented affidavits of a number of distinguished lawyers and judges attesting his ability and integrity.

The record contains a transcript of some of the proceedings in the United States district court at the time of sentencing. It appears that there is no indication of any evasion or false information being given to the government; that the defendant's failure to file returns resulted from defendant's being ashamed to disclose a liability at a time when he was unable to pay up; that although his income was

$34,000 and $28,000 in the years involved, his inability to pay continued for a number of years, due in part to circumstances which were beyond his control and in part to improvident management; and that the district judge decided that a period of probation under close supervision, during which accrued liabilities may be paid, would be a proper disposition in view of defendant's otherwise exemplary record. On count one, defendant received a suspended sentence of one year. Imposition of sentence on count two was suspended. Defendant was placed on probation not to exceed five years. Close supervision and curtailment of expenditures during repayment of tax liabilities were made conditions of probation.

Defendant's deliberate failure to file income-tax returns constituted unprofessional conduct and subjected him to discipline by this court.[1]

Upon consideration of all the circumstances,[2] we deem a reprimand and imposition of costs sufficient discipline in this instance.

Therefore, it is ordered and adjudged, that the defendant be reprimanded for his unprofessional conduct in failing to timely file his federal income-tax returns for 1954 and 1955, and that he pay the costs and expenses of these proceedings, including the fees and disbursements of the attorney for plaintiff.

[1] *State v. Roggensack* (1963), 19 Wis. (2d) 38, 119 N. W. (2d) 412; *State v. Bunge,* ante, p. 493, 122 N. W. (2d) 369.

[2] See *State v. Bunge,* ante, for the general principles considered.