STATE, Plaintiff, v. COLEMAN, Defendant.

*June 7, 1963—April 9, 1965.*

---

[5] See secs. 183.01 (1), 183.09, and 183.10, Stats.

For the plaintiff there was oral argument by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

For the defendant there was oral argument by *John Bosshard* of La Crosse.

PER CURIAM. The defendant John S. Coleman is an attorney, age forty-six. He is married and has a family. After graduation from the University of Wisconsin he was

admitted to the bar in 1942. He was discharged from the Marine Corps after serving with distinction in the South Pacific. He served as district attorney of La Crosse county for two terms, ending with 1950, and since that date has practiced law in La Crosse. He has earned a reputation for honesty and competency. His counsel presented affidavits of judges before whom he appears attesting his ability and integrity.

Upon conviction of failure to make federal income-tax returns, defendant was sentenced to thirty days' imprisonment on one count. Imposition of sentence on the other two counts was suspended and defendant was placed on probation for two years.

On June 28, 1963, this court entered an order finding that defendant's failure to make federal income-tax returns constituted unprofessional conduct and subjected him to discipline by this court.[1] We noted that representations filed on behalf of defendant suggested that his tax difficulties arose out of an unresolved personal problem, and the court reserved final disposition until further report thereon.

It now appears from a report of the board of bar commissioners that defendant's continuation in the practice of law does not endanger the interests of his clients and the public.

Upon consideration of all the circumstances,[2] we deem a reprimand and imposition of a portion of the costs sufficient discipline in this instance.

Therefore, it is ordered and adjudged, that the defendant be reprimanded for his unprofessional conduct in failing to timely file his federal income-tax returns for the years 1957,

---

[1] *State v. Roggensack* (1963), 19 Wis. (2d) 38, 119 N. W. (2d) 412; *State v. Bunge* (1963), 20 Wis. (2d) 493, 122 N. W. (2d) 369.

[2] See *State v. Bunge, supra,* footnote 1, for the general principles considered.

1958, and 1959, and that he pay $300 toward the costs and expenses of these proceedings, including the fees and disbursements of the attorney for plaintiff.