STATE, Plaintiff, v. ALDRICH, Defendant.

*No. State 48. Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 329.)

For the plaintiff there was a brief by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

For the defendant there was a brief by *Zafis & Rummel* of Oconomowoc.

PER CURIAM. In July, 1968, Roland F. Aldrich, an attorney licensed to practice law in this state and a resident of Pewaukee, was charged and convicted in the United States District Court for the Eastern District of Wisconsin with wilfully failing to file federal income tax returns for the years 1962 and 1963. He was fined $1,500 and placed on probation for three years for these misdemeanors.

Roland F. Aldrich is forty-seven years of age, graduated from Shorewood High School, Milwaukee, in 1940,

and served three years in the United States Air Force before entering the University of Wisconsin. He married and went to the University of Wisconsin Law School, graduating in 1951, and started to practice law in the village of Pewaukee. From the start he found himself in financial difficulty although his practice increased. He has six children, ranging in age from six to eighteen years. While practicing law in Pewaukee, he also served as municipal attorney.

He subscribes his income tax difficulties to inadequate and poor bookkeeping, losses incurred in the purchase of a law office building, his poor health in 1963, which limited his earning capacity, and the psychological effect in 1964 of the birth of a child, which required considerable hospitalization and does and will require expensive care. The defendant has been the subject of detrimental publicity and as a consequence his law practice has decreased considerably. Because of his emotional and financial difficulties, the federal probation people have not pressed him for payments on his income tax obligations. He is now current on all his income tax filing, both state and federal, although he is delinquent in the payment for some of the years. He has exhibited a remorse and a regret for his failings. He has no other criminal record and is attempting to rehabilitate himself in the law and to provide the support for his family and meet his obligations.

We repeat what we said in the case of *State v. Corry,* ante, p. 124, 186 N. W. 2d 325. While we can understand a man under financial and emotional strain can forget or even fail to file his return, such explanation does not justify or totally excuse the failure. However, we think reprimanding Mr. Aldrich for his conduct under present circumstances is sufficient and his continued practice of the law will not jeopardize the public.