STATE, Plaintiff, v. WHEELER, Defendant.

*No. State 180.  Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 327.)

For the plaintiff there was a brief by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

For the defendant there was a brief by *Carroll B. Callahan* of Columbus.

PER CURIAM. Floyd E. Wheeler was charged with unprofessional conduct for failing to file a Wisconsin income tax return for the calendar years 1966 and 1967. He entered a plea of no contest in the county court of Dane county on October 8, 1970, and was fined a total of $1,000. Mr. Wheeler graduated from the University of Wisconsin Law School in 1931 and was admitted to practice that year. He has maintained a law office in partnership with others in the city of Madison for some years. It is stipulated he enjoys "the high esteem of both his clientele and the members of the Wisconsin Bench and Bar for his [competence] and integrity as a lawyer." It is also stipulated his failure to timely file his Wisconsin income tax returns for 1966 and 1967 was done not with intent to defraud the state of Wisconsin but was the result of negligence and procrastination on his part. The returns for these two years were filed in July, 1969.

In proof of this assertion, there is listed in the stipulation Mr. Wheeler's record of filing his income tax returns from 1936 to 1968 inclusive (thirty-three years), which shows Mr. Wheeler has failed to file his returns timely 15 times. While this record may show Mr. Wheeler had no intention to defraud the government because he ultimately filed his returns, it certainly is not an enviable record for anyone to have for fulfilling his duties to promptly file his tax returns.

It is argued this proceeding should be dismissed because it involves only negligence and proscrastination on Wheeler's part and not a deliberate intent not to file the returns or intent to commit fraud. While a lack of intent may take Mr. Wheeler out of the shade of *State v. Mac Intyre* (1969), 41 Wis. 2d 481, 164 N. W. 2d 235, we think that negligence and proscrastination in performing

one's duty may amount to unprofessional conduct. It may be that procrastination and negligence in respect to filing tax returns is a private matter and therefore does not evince the same degree of lack of professionalism that such procrastination and negligence would in an attorney's relationship with the court, other attorneys, or his clients; nevertheless, as we stated in *State v. Corry,* ante, p. 124, 186 N. W. 2d 325, the determination to be made in discipline cases is whether an attorney can continue to practice law and fulfill his professional obligations without prejudice to the public, which includes convincing this court that he has been rehabilitated and the complained of action is not likely to be repeated.

It is argued on behalf of Mr. Wheeler that the converse of the rule stated in *State v. Roggensack* (1963), 19 Wis. 2d 38, 119 N. W. 2d 412, should also be a rule. In *Roggensack* we stated an attorney who intentionally fails to file his tax returns, although such violation of the law is committed without intent to defraud, is guilty of unprofessional conduct. The question was not raised, decided or discussed whether negligence and procrastination should also constitute misconduct.

An attorney can do as much damage and harm to his profession, to himself, and to his clients by negligence and procrastination in the performance of his duties as he can by intentionally failing to fulfill his duties. A lawyer under a cloud of a discipline proceeding must be judged not only by his intentions but also by his negligence, whether commission or omission, and by degree of harm caused.

While it is true that in income tax cases the immediate harm rests upon the delinquent taxpayer, it is equally true the legal profession and the respect the public has for attorneys is directly affected by professional misconduct. No attorney is at liberty to conduct himself intentionally or negligently as to harm the image of his

profession or to impair the public confidence in his profession.

Mr. Wheeler is reprimanded for failing to live up to this requirement of a lawyer. We think this censureship and the payment of costs should be sufficient; and we expect he will faithfully and promptly file his income tax returns in the future. Mr. Wheeler is ordered to pay the costs of these proceedings.