STATE, Plaintiff, v. CORRY, Defendant.

*No. State 43. Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 325.)

For the plaintiff there was a brief by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

For the defendant there was a brief by *James A. Hanley* of Milwaukee.

PER CURIAM. The complaint against Matthew M. Corry, a member of the State Bar of Wisconsin, charges him with unprofessional conduct based upon his conviction for failure to file his federal income tax return

for the year 1965. After his admission to the bar in 1946, Matthew M. Corry practiced law in Marinette county from May, 1946, to December, 1956. In January of 1957 he was appointed as an assistant United States attorney for the Eastern District of Wisconsin, a position he held until May, 1962. Thereafter he practiced law in the Milwaukee area.

Mr. Corry is now in his early fifties. He graduated from Menasha High School in 1936, from St. Norbert's College in 1941, and the University of Wisconsin Law School in 1946. Mr. Corry was married in 1944 and has eight children by that marriage, but his marriage ended in divorce in 1969.

He failed to file United States tax returns in the year 1964 and 1965 and as a result, on January 16, 1970, upon his plea of nolo contendere he was convicted of the crime of wilfully failing to make a federal income tax return for 1965. He was sentenced to seven months' imprisonment with twenty days to be served in a jail-type institution; the balance of his sentence was suspended and he was placed on probation. He has served the period of actual confinement and he is now current in all his income tax filings but owes various amounts thereon to the government of the United States and the state of Wisconsin.

The question is, what type of discipline should be imposed upon Mr. Corry for his failure to file federal income tax returns? The primary purpose of a discipline proceeding is not the imposition of a penalty or punishment but the ascertainment of the moral fitness and professional competency of the lawyer charged and of whether it is necessary for the protection of the public interest that he be suspended or disbarred from practicing his profession. Where there is fraud on the part of an attorney in respect to his income tax returns and such intent goes to his general character and fitness, the court

has felt it was necessary as a deterrent to other attorneys, for the rehabilitation of the lawyer and for the protection of the public, to suspend for a time the license of such an attorney to practice law. *See State v. MacIntyre* (1969), 41 Wis. 2d 481, 164 N. W. 2d 235. In each case, it must be determined whether the acts involving moral turpitude are such as to evince a lack of character in his professional relationship with the courts, fellow lawyers, and his clients. In some cases of failure to file income tax return, because of other effects arising out of the alleged misconduct, the court has thought the attorney had been so affected that his rehabilitation was assured and he could continue to practice without harm to the public. In such cases a reprimand for the unprofessional conduct and the imposition of costs were deemed to be sufficient discipline. *See: State v. Bunge* (1963), 20 Wis. 2d 493, 122 N. W. 2d 369; *State v. Hartman* (1963), 20 Wis. 2d 499, 122 N. W. 2d 372; and *State v. Hayes* (1963), 20 Wis. 2d 501, 122 N. W. 2d 373.

Here, Mr. Corry was subject to extensive adverse newspaper publicity, suffered a criminal prosecution and conviction, and served a period of confinement. This resulted in the loss to such a large part of his practice, he was forced to close his law office.

We think in this matter justice will be served and the court's duty to society will be fulfilled by reprimanding Matthew M. Corry and requiring him to pay the costs of this proceeding. It should not be necessary for this court to remind lawyers they should obey the law and set an example in their obedience of it. We cannot excuse the failure of attorneys to file income tax returns and in this case in failing to do so, Mr. Corry has brought discredit upon the bar. Mr. Corry is hereby reprimanded for his conduct and ordered to pay the costs of this proceeding.