STATE, Plaintiff, V. SCHOENDORF, Defendant.

*No. State 159.  Decided October 2, 1973.*
(Also reported in 210 N. W. 2d 447.)

For the plaintiff the cause was submitted on the brief of *Robert H. Bichler* of Racine, counsel for the Board of State Bar Commissioners.

PER CURIAM. In April, 1973, Thomas J. Schoendorf, an attorney licensed to practice law in this state and a resident of Milwaukee, was charged with two misdemeanor counts of failing to timely make and file federal income tax returns for the years 1966 and 1967. Thereafter, upon his no contest plea, defendant was convicted on one count and the other dismissed in United States District Court for the Eastern District of Wisconsin. He was fined $1,500, which has been paid.

Thomas J. Schoendorf is forty-one years of age, married and has two children. He has been a practicing attorney in Milwaukee for the past fourteen years and has enjoyed a laudable reputation with fellow lawyers for professionalism and integrity.

He has timely filed all required income tax returns since 1967 and has filed late returns for the years 1966 and 1967, upon which he has paid late filing penalties and interest. Thus he is now current on his federal income tax filing.

As this court noted in *State v. Corry* (1971), 51 Wis. 2d 124, 186 N. W. 2d 325, we cannot excuse the failure of an attorney to file income tax returns. Lawyers' unique position in society makes it mandatory that they obey the law. By so doing, they set an example for the general public. Lawyers, as well as lay people, must suffer the consequences when a violation occurs.

However, it is not the purpose of a disciplinary proceeding to impose a penalty or punishment upon the transgressing lawyer. Rather, the quest in proceedings such as this is the ascertainment of the moral fitness and professional competency of the lawyer and a determination of whether it is necessary for the protection of the public that he be suspended or disbarred.

We have concluded in this case that justice will be served and the court's duty to society will be fulfilled by reprimanding Thomas J. Schoendorf for his unprofessional conduct which has brought discredit to himself and upon the bar. *See State v. Corry, supra; State v. Aldrich* (1971), 51 Wis. 2d 127, 186 N. W. 2d 329; *State v. Wheeler* (1971), 51 Wis. 2d 129, 186 N. W. 2d 327. Mr. Schoendorf is hereby reprimanded for his conduct in failing to timely file his federal income tax returns for the years 1966 and 1967 and is ordered to pay costs in this proceeding in the amount of $250 within thirty days to the clerk of this court.