STATE, Plaintiff, v. DAY, Defendant.

*No. 75–64. Submitted August 13, 1975.—Decided September 30, 1975.*
(Also reported in 233 N. W. 2d 448.)

For the plaintiff: *Robert H. Bichler* of Racine, Board of State Bar Commissioners.

For the defendant: *John M. Potter* and *Byron C. Crowns,* both of Wisconsin Rapids.

PER CURIAM. John D. Day, a lawyer in Spencer, graduated in 1957 from the University of Wisconsin Law School. He was divorced in January, 1968, and agreed to pay substantial alimony and support for his minor children. He was remarried one year later. His tax problems began in 1968 when, as a result of his marital problems, he did not have enough money to pay his Wisconsin income tax, although he filed his return. This same problem occurred in 1969, 1970, and 1971, and his solution was not to file any returns. He was charged

with failing to file state returns for these three years and was convicted on a plea of guilty. The sentence was a fine of $750. He is presently paying off his tax liability.

These income tax violations by Day involve three separate violations of sec. 71.11 (41), Stats., for the tax years 1968, 1969, and 1970. (The income tax violations are for 1969, 1970, and 1971, because these were the years when he was required to file.) These are "failure to file" offenses and his conviction did not involve any charge of fraud.

On the basis of reasoning in similar cases,[1] we conclude that the defendant's conduct warrants censure and the payment of costs. Although it is true that in non-filing income tax cases the immediate harm rests upon the delinquent taxpayers, it is equally true that the respect the public has for members of the legal profession is directly affected by professional misconduct. In this case we believe that a reprimand is warranted and that such reprimand together with the payment of costs should be sufficient.

It is therefore ordered that Mr. Day shall pay the costs of these proceedings, not exceeding the amount of $250.

[1] *State v. Aldrich* (1971), 51 Wis. 2d 127, 186 N. W. 2d 329; *State v. Wheeler* (1971), 51 Wis. 2d 129, 186 N. W. 2d 327; *State v. Schoendorf* (1973), 60 Wis. 2d 309, 210 N. W. 2d 447.